IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES HERBERT PHELPS,             )
ID #53433-079,                      )
      Plaintiff,                  )
vs.                                 )          No. 3:06-CV-0245-K (BH)
                                    )                  ECF
DAN JOSLIN, et al.,                 )          Referred to U.S. Magistrate Judge
      Defendants.                 )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementa-

tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The

findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

In February 2006, plaintiff, a federal prisoner incarcerated in FCI Seagoville, filed the instant

action pursuant to 42 U.S.C. § 1983 against the Warden and other employees of the prison.  He

seeks a hearing so as to hold defendants "accountable for their crime(s)" and "causing him to endure

extreme hardship in segregation and the loss of 25 percent of his memory."  His complaint concerns

an August 5, 2005 incident report resulting from the placement of a blue water cooler containing

sausage and a roll of beef under plaintiff's bunk.  The report resulted in the loss of sixty days com-

missary and thirty days telephone privileges and further resulted in his placement in segregation from

August 5, 2005, to September 15, 2005.  No process has been issued in this case.

II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner

seeking redress from an employee or officer of a governmental entity, plaintiff's complaint is subject

to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80

(5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject

to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it

fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defen-

dant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in

law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state

a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S.

41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F.

Supp. 2d 768, 769 (N.D. Tex. 2000).

Plaintiff seeks relief under 42 U.S.C. § 1983 against the Warden and other prison employees

for their involvement in disciplinary proceedings against plaintiff that resulted in the loss of com-

missary and telephone privileges and approximately six weeks of segregation. Section 1983 provides

a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's

'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas*

*v. Bradshaw*, 512 U.S. 107, 132 (1994). That section provides no basis for this action, however,

because plaintiff has alleged no constitutional violation by state officials. The proper jurisdictional

basis appears to be 28 U.S.C. § 1331 through *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court held that the

violation of a person's constitutional rights by a federal official may give rise to an action in federal

court, brought pursuant to 28 U.S.C. § 1331. "A *Bivens* action is analogous to an action under [42 U.S.C.] § 1983 — the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials." *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999). The Court liberally construes this action as arising under *Bivens*.

Plaintiff contends that he did not commit the infraction that led to his discipline. He claims that defendants ignored the truth and relied upon false statements to discipline him by revoking commissary and telephone privileges and placing him in segregation. The Court construes plaintiff's claims as asserting a violation of due process caused by disciplinary proceedings.

Although lawful incarceration results in the loss of many rights and privileges that most citizens enjoy, prisoners may retain some liberty interests that are protected by the due process clause. *See Sandin v. Conner*, 515 U.S. 472, 484-85 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to matters which affect the amount of time served by a prisoner, such as lost good-time credits and eligibility for mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison*, 104 F.3d at 767.

In this case, plaintiff has alleged that he lost commissary and telephone privileges and was placed in administrative segregation for approximately six weeks. He has alleged no loss of good-time credits as punishment for his disciplinary infraction. Nor has he alleged any matters that could affect the amount of time he must serve. The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *See Sandin*, 515 U.S. at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *See id.* at 486 (holding that thirty days of

solitary or segregated confinement does not invoke due process protections); *Malchi*, 211 F.3d at 958 (holding that thirty-day loss of commissary privileges and cell restriction did not implicate due process concerns); *Madison*, 104 F.3d at 768 (same).  In the absence of "'extraordinary circum-stances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim' because it 'simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (quoting *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996)).

Because plaintiff complains about prison conditions that are far from extraordinary, he has alleged no constitutional violation.  Consequently, he has failed to state a claim that entitles him to relief.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff has failed to state a claim upon which relief can be granted.  The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 22nd day of December, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5